IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| EASTERN POULTRY DISTRIBUTORS, INC., ET AL. | § § § | |
|---|---|---|
| Plaintiffs, | § § | NO. 3-00-CV-1578-M |
| VS. | § § | |
| ROBERTO YARTO PUEZ, ET AL. | § § | |
| Defendants. | § | |

## FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiffs, by and through their counsel of record, have filed an amended second application for turnover relief to aid in the collection of a $6.1 million default judgment against Defendant Emeterio Salinas. For the reasons stated herein, the motion should be granted.

I.

On June 10, 2002, plaintiffs obtained a default judgment against Salinas for $3,126,815.01 in actual damages, $3,000,000 in exemplary damages, and post-judgment interest at the rate of 2.35% per annum. The judgment recites, in pertinent part:

> Defendant Salinas has converted and stolen from Plaintiffs both money and meat products with a total value of $3,126,815.01, and he has also defrauded Plaintiffs in that amount by his actions of obtaining money and product from them under false pretenses, through false representations and fraud.

(Doc. #166). Salinas has not appealed or moved to set aside the default judgment. Nor has he made any payments to plaintiffs. As a result, the judgment is final, subsisting, and remains unsatisfied.

Unable to collect the judgment by ordinary legal process, plaintiffs sought a post-judgment turnover order pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 31.002. On September 30, 2002, the court entered an order requiring Salinas to turn over to plaintiffs:

>   (1)  $3,126,815.01 in cash or, if Salinas cannot turn over the money, to make a full accounting to plaintiffs of the proceeds realized from the sale or disposition of any money or property Salinas ever received from plaintiffs;
>
>   (2)  all stock certificates and other indicia of ownership in two businesses, EMSA and Comerciliazora de Productos Alemientisos Salinas, or if Salinas has sold, transferred, or hypothicated his interest in the businesses, to provide plaintiffs with an accounting of all proceeds realized from such sale, transfer, or hypothication;
>
>   (3)  all deeds and other indicia of ownership in the land upon which the restaurant known as "La Pasta" or "La Prensa" is situated;
>
>   (4)  all documents which evidence ownership of the La Pasta or La Prensa restaurant; and
>
>   (5)  all commission payments received from Emeterio Salinas Garcia.

*Eastern Poultry Distributors, Inc. v. Puez*, No. 3-00-CV-1578-M, 2002 WL 31191373 (N.D. Tex. Sept. 30, 2002). To date, Salinas has not complied with that order.

Plaintiffs also propounded written discovery, including requests for admission, to Salinas in an attempt to obtain information about his ownership interest in certain business entities, real property, and personal property. The requests for admission ask Salinas to admit or deny, *inter alia*, that he owns an interest in 12 different businesses, seven parcels of real property, and four items of tangible personal property, and that both he and his wife, Yadira Salinas, receive income from the businesses. (*See* Plf. Exh. 9). When Salinas failed to answer the requests, each of the matters stated therein were deemed admitted. *See* FED. R. CIV. P. 36(a)(3) ("A matter is deemed admitted unless,

within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.").

Plaintiffs now seek a second turnover order to reach any ownership interest Salina has in the following businesses and properties:

    A.    <u>Business Interests</u>

1. Compasa, LLC;
2. Compasa Logistics, LLC;
3. Compasa Real Estate Investments, LLC;
4. Comercializadora de Producto Salinas;
5. Comercializadora de Productos Alemientisos Salinas;
6. Comercializadora de Productos Alimenticios Salinas;
7. Comercializadora de Productos Salinas, S.A. de C.V.;
8. Comercializadora de Productos Alimenticios Salinas;
9. Comercializadora Internacional de Productos Salinas, S.A. de C.V.;
10. Barrio Antiguo LLC;
11. Salinas food company in Reynosa, Mexico; and
12. Salinas import-export company in Reynosa, Mexico.

    B.    <u>Real Property</u>

1. 3108 Hawk, McAllen, Texas 78504;
2. 308 Swallow, McAllen, Texas 78504;
3. 3113 Thunderbird Avenue, McAllen, Texas 78504;
4. Gardenia Terrace #14, Lot 242, Parcel No. G 1200 140000 24200, Hidalgo County, Texas;
5. 701 Ware Road, McAllen, Texas 78501;
6. 316 E. Zion Avenue, McAllen, Texas; and
7. 317 E. Zion Avenue, McAllen, Texas.

    C.    <u>Tangible Personal Property</u>

1. 2006 Ford King Ranch Lariat, Texas Licence Plate 198KTV, VIN 1FTPW 12V 86 KD 84604;
2. 2006 Saturn 2, Texas Licence Plate 622RRF, VIN 1G8AJ55F 66Z 162323;
3. 2007 Cadillac ESV, VIN 1GYFK 66877 R 224631; and
4. sugar inventory stored in Hidalgo, Texas.

D.  Intangible Personal Property

1.  Salary and/or distributions from Compasa, LLC;
2.  Salary, distributions, and proceeds from Compasa Logistics, LLC;
3.  Salary, distributions, and proceeds from Compasa Real Estate Investments, LLC;
4.  Salary and/or distributions from Comercializadora de Producto Salinas;
5.  Salary and/or distributions from Comercializadora de Productos Alemientisos Salinas;
6.  Salary and/or distributions from Comercializadora de Productos Alimenticios Salinas;
7.  Salary and/or distributions from Comercializadora de Productos Salinas, S.A. de C.V.;
8.  Salary and/or distributions from Comercializadora de Productos Alimenticios Salinas;
9.  Salary and/or distributions from Comercializadora Internacional de Productos Salinas, S.A. de C.V.;
10. Salary and/or distributions from Barrio Antiguo LLC;
11. Salary and/or distributions from Salinas food company in Reynosa, Mexico; and
12. Salary and/or distributions from Salinas import-export company in Reynosa, Mexico.

According to plaintiffs, these business interests and properties are not exempt from execution and cannot be readily attached or levied on by ordinary legal process. The parties have briefed their respective positions and the motion is ripe for determination.

II.

A federal court may enforce a monetary judgment in accordance with the practice and procedure of the state in which the district court is located. *See* FED. R. CIV. P. 69(a). Texas law provides for the collection of a judgment through a court proceeding. TEX. CIV. PRAC. & REM. CODE ANN. § 31.002 (Vernon 2008). To obtain a turnover order, the judgment creditor must show that the debtor owns non-exempt property that cannot be readily attached or levied on by ordinary legal process. *Id.* § 31.002(b); *Criswell v. Ginsberg & Foreman*, 843 S.W.2d 304, 306 (Tex. App.--Dallas

1992, no writ). The court may then issue an injunction, appoint a receiver, or order the debtor to turn over non-exempt property for execution. TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(b). However, turnover relief is not appropriate in all cases. The trial court has discretion to decide whether and in what form turnover relief should be ordered. *See Quilling v. Pursehouse*, No. 3-99-CV-1295-M, 2001 WL 257947 at *1 (N.D. Tex. Mar. 9, 2001) (Kaplan, J.), *rec. adopted*, 2001 WL 322507 (N.D. Tex. Mar. 29, 2001) (Lynn, J.).

A.

Plaintiffs seek an order requiring Salinas to turn over his interest in and income received from 12 businesses, seven parcels of real property, and four items of tangible personal property. The evidence, mostly in the form of deemed admissions, establishes: (1) that each of the businesses and properties are owned either by Salinas or his wife; (2) that Salinas has an interest in each of businesses and properties; (3) that Salinas receives income from the businesses; and (4) that each of the businesses and properties are not exempt from attachment, execution, or seizure for the satisfaction of liability. (*See* Plf. Exh. 9, RFA ## 129-253). Salinas, through his attorney, does not contest that the requests for admission, if deemed admitted, establish these matters. Instead, Salinas argues that the admissions call for legal conclusions, not facts, which are beyond the scope of a proper Rule 36 request.

The court disagrees. By its express terms, Rule 36 allows a party to serve a written request seeking the admission of "facts, *the application of law to fact*, or opinions about either." FED. R. CIV. P. 36(a)(1)(A) (emphasis added). "Such breadth allows litigants to winnow down issues prior to trial and thus focus their energy and resources on disputed matters." *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001) (citations omitted). Here, plaintiffs sought to narrow the issues in dispute by

asking Salinas to admit that he has an ownership interest in certain businesses and properties, that he received income from the businesses, and that the businesses and properties are not exempt from execution. These requests seek nothing more than an application of law to facts, which is permissible under Rule 36.[1]

Salinas further contends that plaintiffs are not entitled to a turnover order unless they first make reasonable efforts to reach his business interests and properties through ordinary legal process, such as a writ of execution or a writ of garnishment. However, "[n]either the statute nor the case law provides a corresponding requirement that the judgment creditor demonstrate that other methods of collecting the judgment have failed." *RTC v. Smith*, 53 F.3d 72, 77-78 (5th Cir. 1995). Plaintiffs have shown that the businesses and properties owned by Salinas, some of which are located out of the country, cannot be readily attached or levied on by ordinary legal process. That is all the statute requires.

B.

Plaintiffs also seek attorney's fees in the amount of $15,000. The turnover statute vests the court with discretion to award reasonable costs, including attorney's fees, to a judgment creditor. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(e). In exercising that discretion, the court may consider a number of factors, including: (1) the nature and complexity of the case; (2) the amount

---

[1] As another judge in this district has noted, "[t]he distinction between a request that permissibly seeks the admission of an issue requiring the application of the law to the facts of a case and a request that impermissibly seeks the admission of a pure issue of law is not easy to draw." *AMS Staff Leasing, NA, Ltd. v. Associated Contract Truckmen, Inc.*, No. 3-04-CV-1344-D, 2005 WL 3148284 at *6 n.13 (N.D. Tex. Nov. 21, 2005) (Fitzwater, J.), *quoting David v. Katz*, No. 94-3989, 2000 WL 1682999 at *2 (E.D. La. Sept. 26, 2000). *See also Bender's Forms of Discovery Treatise* § 8.45(7)(d) (2005) ("Sometimes it is difficult to differentiate between improper requests that seek an admission of a question of pure law and proper requests that require the application of law to the facts of the case."). For example, "there may not be much of a practical distinction between a request that a defendant admit that an employee acted within the course and scope of his employment (which the advisory committee note explicitly approved as being proper under Rule 36) and a request that a defendant admit that it was subject to certain statutes (which one court held was beyond the scope of Rule 36)." *AMS Staff Leasing*, 2005 WL 3148284 at *2 n.13.

in controversy; (3) the amount of time and effort required; and (4) the expertise of counsel. *Pursehouse*, 2001 WL 257947 at *2; *Thomas v. Thomas*, 917 S.W.2d 425, 436 (Tex. App.--Waco 1996, no writ).

In a sworn affidavit filed with the court, David R. Childress, lead counsel for plaintiffs, states that $15,000 is a reasonable attorney's fee for the prosecution of his turnover motion. (*See* Plf. Exh. 28). Salinas has not submitted any controverting evidence. The court finds that the fees requested by plaintiffs are reasonable given the nature and complexity of this case, the amount in controversy, the time and effort required, and the expertise of counsel. Therefore, plaintiffs are entitled to recover $15,000 in attorney's fees.

## **RECOMMENDATION**

Plaintiffs' amended second application for turnover relief [Doc. #201] should be granted. Defendant Emeterio Salinas should be ordered to turn over to plaintiffs his interest, if any, in the following businesses and properties:

    A.    Business Interests

1. Compasa, LLC;
2. Compasa Logistics, LLC;
3. Compasa Real Estate Investments, LLC;
4. Comercializadora de Producto Salinas;
5. Comercializadora de Productos Alemientisos Salinas;
6. Comercializadora de Productos Alimenticios Salinas;
7. Comercializadora de Productos Salinas, S.A. de C.V.;
8. Comercializadora de Productos Alimenticios Salinas;
9. Comercializadora Internacional de Productos Salinas, S.A. de C.V.;
10. Barrio Antiguo LLC;
11. Salinas food company in Reynosa, Mexico; and
12. Salinas import-export company in Reynosa, Mexico.

B.  Real Property

1. 3108 Hawk, McAllen, Texas 78504;
2. 308 Swallow, McAllen, Texas 78504;
3. 3113 Thunderbird Avenue, McAllen, Texas 78504;
4. Gardenia Terrace #14, Lot 242, Parcel No. G 1200 140000 24200, Hidalgo County, Texas;
5. 701 Ware Road, McAllen, Texas 78501;
6. 316 E. Zion Avenue, McAllen, Texas; and
7. 317 E. Zion Avenue, McAllen, Texas.

C.  Tangible Personal Property

1. 2006 Ford King Ranch Lariat, Texas Licence Plate 198KTV, VIN 1FTPW 12V 86 KD 84604;
2. 2006 Saturn 2, Texas Licence Plate 622RRF, VIN 1G8AJ55F 66Z 162323;
3. 2007 Cadillac ESV, VIN 1GYFK 66877 R 224631; and
4. sugar inventory stored in Hidalgo, Texas.

In addition, Salinas should be ordered to turn over to plaintiffs any income received from the following businesses:

1. Salary and/or distributions from Compasa, LLC;
2. Salary, distributions, and proceeds from Compasa Logistics, LLC;
3. Salary, distributions, and proceeds from Compasa Real Estate Investments, LLC;
4. Salary and/or distributions from Comercializadora de Producto Salinas;
5. Salary and/or distributions from Comercializadora de Productos Alemientisos Salinas;
6. Salary and/or distributions from Comercializadora de Productos Alimenticios Salinas;
7. Salary and/or distributions from Comercializadora de Productos Salinas, S.A. de C.V.;
8. Salary and/or distributions from Comercializadora de Productos Alimenticios Salinas;
9. Salary and/or distributions from Comercializadora Internacional de Productos Salinas, S.A. de C.V.;
10. Salary and/or distributions from Barrio Antiguo LLC;

11. Salary and/or distributions from Salinas food company in Reynosa, Mexico; and
12. Salary and/or distributions from Salinas import-export company in Reynosa, Mexico.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 20, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE